**FILED**
OCT 17 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'07 MJ 8854

| | |
|---|---|
| UNITED STATES OF AMERICA, | Mag. Case No. |
| Plaintiff, | COMPLAINT FOR VIOLATION OF: |
| v. | Title 8, U.S.C., Section 1324 (a)(1)(A)(ii) <br> Illegal Transportation of Aliens |
| Fabian GUERRERO-Alvarez | |
| Defendant. | |

The undersigned complainant, being duly sworn, states:

On or about October 15, 2007, within the Southern District of California, defendant Fabian GUERRERO-Alvarez with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely Asuncion GUTIERREZ-Ramirez, Jose David OLIVA-Moran and Edgar Alejandro SAUCEDO-Galvan had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii)

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Michael Mikuski
Senior Border Patrol Agent

SWORN TO BEFORE AND SUBSCRIBED IN MY PRESENCE 17th DAY OF OCTOBER, 2007.

Peter C. Lewis
United States Magistrate Judge

Page 1

UNITED STATES OF AMERICA
              v.
Fabian GUERRERO-Alvarez

## STATEMENT OF FACTS

The complainant states this complaint is based upon statements in the investigative reports by the apprehending Border Patrol Agents M. Harrington, J. Vega-Torres, and S. Carter. On October 15, 2007, Fabian GUERRERO-Alvarez, a United States Citizen was apprehended as the driver of a gray 1996 Buick LeSabre near Calexico, California, as he smuggled eight (8) undocumented aliens from Mexico into the United States.

At approximately 7:15 p.m., Agent S. Sedona was operating the Calexico Border Patrol Stations Remote Video Surveillance System. Approximately Agent Sedona observed a group of approximately eight individuals cross the International Boundary with Mexico and raft north across the All American Canal. Agent Sedona notified agents in the area. Agent Vega-Torres was able to see the group as they waited by Carr Road. Agent Vega-Torres observed a sedan approach the group and he saw the headlights turn off on the sedan. As the sedan passed Agent Vega-Torres location he was able to clearly see the driver of the sedan, later identified as Fabian GUERRERO-Alvarez. When the sedan stopped, the group loaded into the sedan. The sedan did a "U" turn and it left the area. Agent Vega-Torres followed the sedan.

The sedan continued westbound on Highway 98 and Agent Harrington followed it. Using the emergency lights and siren on his assigned Border Patrol vehicle, Agent Harrington attempted to stop GUERRERO. GUERRERO failed to yield to Agent Harrington. A controlled tire deflation device was successfully deployed and after approximately one and one quarter miles the sedan stopped. As Agents Harrington and Vega-Torres approached and identified themselves to the individuals inside the sedan, Agent Vega-Torres could clearly see that the driver, GUERRERO, was the one he had seen earlier driving the sedan. GUERRERO exited the sedan and ran southbound. Agent Vega-Torres was able to apprehend and question GUERRERO after a foot chase. Agent Vega-Torres determined that GUERRERO is a citizen of the United States.

Agent Harrington questioned the individuals still in the sedan and determined there all are natives and citizens of Mexico illegally in the United States. GUERRERRO and the otheres were arrested and transported to the Calexico Border Patrol Station.

At the station, Agent Sedano witnessed Agent Vega-Torres read GUERRERO his rights per Miranda. GUERRERO stated he understood his rights and was willing to answer questions without the presence of an attorney. GUERRERO stated he was hired by an unknown smuggler in Mexicali and was going to get paid $60 for each illegal alien he smuggled. GUERRERO stated he obtained the keys for the sedan in Mexicali and he only crossed into the United States to pick up the illegal aliens. GUERRERO stated he was told over a radio what to do and where to pick up the aliens. GUERRERO stated he saw the lights behind him but did not stop because he knew if he was caught with illegal aliens he would go to jail. GUERRERO stated after the tires were popped he did not stop. GUERRERO stated the aliens were telling him to stop and he did. GUERRERO stated he ran after stopping.

Material Witnesses Asuncion GUTIERREZ-Ramirez, Jose David OLIVA-Moran and Edgar Alejandro SAUCEDO-Galvan, stated they are citizens of Mexico illegally in the United States. GUTIERREZ, OLIVA and SAUCEDO stated they made arrangements with an unknown smuggler in Mexico to be smuggled illegally into the United States. OLIVA and SAUCEDO stated they had to pay a fee of $2000.

Material Witnesses GUTIERREZ, OLIVA and SAUCEDO all identify the driver as a male. OLIVA and SAUCEDO both state the driver told the group to get in the sedan GUTIERREZ and OLIVA were able to positively identified photo number one, GUERRERO, as the driver of the sedan when shown a six-pack photo line-up.

The complainant states that the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Asuncion GUTIERREZ-Ramirez | Mexico |
| Jose David OLIVA-Moran | Mexico |
| Edgar Alejandro SAUCEDO-Galvan | Mexico |

Further, complainant states Asuncion GUTIERREZ-Ramirez, Jose David OLIVA-Moran and Edgar Alejandro SAUCEDO-Galvan are citizens of a country other than the United States; said aliens have admitted they are deportable; their testimony is material, it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.